411 So.2d 263 (1982)
Johnnie Robert WIGGINS, Appellant,
v.
Betty Pauline WIGGINS, N/K/a Betty Pauline Millsaps, Appellee.
No. AE-464.
District Court of Appeal of Florida, First District.
March 4, 1982.
Rehearing Denied April 5, 1982.
*264 William N. DeCarlis, Gainesville, for appellant.
H. Randolph Fallin, Jacksonville, for appellee.
MILLS, Judge.
The husband seeks review of an order granting custody of the parties' minor child, now six years of age, to the wife. We reverse because the trial court abused its discretion in entering the order.
The facts in this case are not disputed. The parties were married in 1974, gave birth to a daughter in 1975, and dissolved the marriage in 1978. In dissolving the marriage, the parties executed a child custody agreement whereby it was stipulated that the wife would have custody of the daughter. During 1979, several motions for change of custody/modification of final judgment/other relief were filed, and the husband was at times granted temporary custody of the child. The husband's various motions were predicated upon the allegation that the wife was sharing a bedroom with the child while cohabiting with a married man. The wife initially admitted these allegations, then subsequently testified that she had ceased such living arrangements. It was later revealed that the wife had not ceased such living arrangements, and had moved with her cohabiting partner and with the child to Tennessee. Evidence was also presented indicating that police had been called in to calm a domestic disturbance between the wife and her cohabiting partner. The husband subsequently obtained a temporary custody order which he was unable to enforce in Tennessee. A hearing on permanent custody, which the wife declined to attend, was thereafter held in Florida and the husband was granted permanent custody of the child. In January of 1980, the husband traveled to Tennessee and physically obtained actual custody of the child, thereafter returning to Florida.
The wife was subsequently married to her cohabiting partner and, in November of 1980, filed a motion for change of permanent custody. The wife presented testimony that she and her new husband now have a very good relationship, are no longer drinking and have become Christians and begun attending church. The wife also testified that she was not working and did not intend working in order that she might devote full time care to the child, if awarded custody. The wife's new husband is currently unemployed and employment in the future is not foreseeable due to a disability. A hearing was held and the trial judge ruled that the former circumstances which warranted a change of custody from the wife to the husband had now changed and ceased to exist, in that the wife was now married and in a stable relationship. The judge also expressly noted that "this is a child of tender years," and awarded a change in permanent custody from the child's father to her mother, although finding the father to be a fit and good parent.
The evidence adduced by the wife does not support the change of the child's custody. It is undisputed that the father was a fit and proper parent. It is undisputed that the wife falsely testified at a recent custody hearing; that the wife's recent lifestyle was one which would not be condoned by Christian or moral persons; that the wife failed to demonstrate how she would provide the child with necessities; and that custody has been changed numerous times during the past several years. Although the wife adduced testimony of herself and her father that she and her present husband had stopped "drinking," that they were now married, that they had become Christians, and that they now attend church, this is the *265 usual evidence adduced by persons seeking custody of a child or persons convicted of a crime.
Modern society seems to adore a sinner or criminal who claims to be a "born-again Christian," thus rehabilitated, but ignores the lifetime Christian or law abiding citizen. Although I have a burning desire to discuss this further, suffice it to say that the "born-again Christian" is to be commended, but in child custody cases, a period of time sufficient to test the newly-born Christian should expire before changing custody from an undisputedly fit and proper parent.
Stability is necessary to the proper rearing of a child, to this child. There has been a failure of stability, however, because this child has bounced back and forth between her parents. This should stop somewhere and the time and place is now and here. Custody should remain with the husband whose fatherly credentials have not been questioned or tarnished.
To justify modification, the trial court must find a substantial change in circumstances and detriment to the child if custody is not changed. Robinson v. Robinson, 333 So.2d 526 (Fla. 2d DCA 1976). Neither evidence nor findings are present in this case to support the order appealed.
In our judgment, the welfare and best interests of this child have been ignored. This is contrary to the law.
Section 61.13(2) provides that "the father of the child shall be given the same consideration as the mother in determining custody." This language is clear and unambiguous. The intent of the legislature is clear. The trial court in this case failed to give the same consideration to the father as it gave to the mother. It abused its discretion when it held a six-year-old child, because of her age, must be awarded to the mother. In doing this, it failed to comply with Section 61.13(2); it legislated; it failed to exercise judicial restraint.
Reversed and remanded with instructions to vacate the order appealed and to enter an order denying the wife's motion for change of permanent custody.
THOMPSON, J., concurs.
WENTWORTH, J., dissents with opinion.
WENTWORTH, Judge, dissenting.
I respectfully dissent.
Appellee was originally awarded custody of the two-year old child in 1978, in accordance with a settlement agreement executed by the parties and adopted by the lower court in a dissolution decree. Due to subsequent changes in appellee's moral and emotional lifestyle, custody was thereafter transferred to appellant. However, appellee has now presented evidence that she has ceased the conduct which the lower court found offensive, and custody of the minor child (now six-years old) has been returned to the appellee by the order presently on appeal. Since the trial court's findings and conclusions regarding the welfare of the child are supported by a competent evidentiary predicate, I would affirm the order appealed. See Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975).
Although the present case does not involve any allegation or showing that appellant is an unfit custodian of the child, I would conclude that such a showing is not essential in the circumstances of this case. While Ritsi v. Ritsi, 160 So.2d 159 (Fla. 3d DCA 1964), suggests that such a showing may sometimes be necessary to obtain a change of custody, Ritsi is factually dissimilar from the present case, as Ritsi involved only an allegation of the non-custodial parent's financial superiority. I also note that the order on appeal in the present case furthers stability and permanence in the child's environment, in that since the dissolution of the parties' marriage the child has primarily resided with and remained in the custody of appellee.