622 So.2d 154 (1993)
Patricia Ann ACKERSON a/k/a Patricia Ann Ackerson Murphy, Appellant,
v.
Michael Vincent MURPHY, Appellee.
No. 93-176.
District Court of Appeal of Florida, Fifth District.
August 10, 1993.
Donald E. Hawkins, Hawkins & Hawkins, Daytona Beach, for appellant.
Eric K. Neitzke and Harry G. McConnell, Monaco, Smith, Hood, Perkins, Loucks & Stout, Daytona Beach, for appellee.
COBB, Judge.
We review an order modifying a child custody provision contained in a final judgment of dissolution of marriage.
The mother, who had custody of the five year old child from 1:00 p.m. Sundays until 7:00 p.m. Thursdays petitioned to modify paragraph 4 of the final judgment of dissolution to accommodate the child's school schedule and to give her custody one weekend per month. After almost three months, hearing was finally held and at the commencement thereof, the father presented, for the first time, a counter-petition seeking to have weekday custody changed to him, with the child attending a different school. Under this scenario, the mother would be accorded weekend custody three weekends out of each month. The trial court denied the mother's motion to strike this counter-petition and ultimately granted the father the modification he sought while denying the mother's petition.
We reverse the order of modification. Beside the procedural irregularities countenanced by the trial court,[1] the father failed to meet the standard necessary for modification, that a substantial change in circumstances has occurred since entry of the original order and that the welfare of the child would be promoted by a modification. Dobbins v. Dobbins, 584 So.2d 1113 (Fla. 1st DCA 1991), rev. denied, 598 So.2d 75 (Fla. 1992); Sanchez v. Sanchez, 575 So.2d 744 (Fla. 5th DCA 1991).
The record establishes without contradiction that the child is a happy, well adjusted, well cared for five year old who is doing well in kindergarten. The child has clearly adapted to the custody terms of the final judgment and is flourishing. While some inconvenience has arisen as a result of the fact that custody transfers to the *155 father on Thursday evenings,[2] the father, a self-employed dentist, testified that he would be able to adjust his practice to fit his child's school schedule. The inconvenience to the father under these circumstances simply cannot outweigh the stability existing in the child's life and does not warrant the dramatic change ordered by the court.
We recognize that the trial court fashioned what it believed was an ideal custody schedule which, if this were an initial custody determination, would likely be sustainable. However, this is a modification proceeding and the evidence presented does not warrant a change in the terms of the original custody decree. Therefore, we reverse the order of modification and remand the cause for entry of an order denying modification. Because of the expedited nature of this appeal, no motion for rehearing will be entertained.
REVERSED and REMANDED.
THOMPSON, J., concurs.
GOSHORN, J., concurs in part, dissents in part, with opinion.
GOSHORN, Judge, concurring in part, dissenting in part.
I agree that due process requires that we reverse the order of modification because the father's belated and untimely counter-petition for modification was not at issue and ready for trial. I disagree, however, that this court should direct the trial judge to enter an order denying the father's requested modification. This cause should be remanded to allow the mother to respond to the counter-petition and prepare for trial on the issues raised.
NOTES
[1] The trial court should not have considered the father's belated counter-petition as the procedure employed denied the mother adequate notice of the relief sought which was significantly different in kind than that sought by the mother. See Richmond v. Richmond, 537 So.2d 1039 (Fla. 5th DCA 1988); Lentz v. Lentz, 414 So.2d 292 (Fla. 2d DCA 1982).
[2] The father lives approximately 20-25 miles from the mother.