660 So.2d 797 (1995)
Arden M. WAGES, etc., Appellant,
v.
Aubry D. WAGES, Appellee.
No. 94-2535.
District Court of Appeal of Florida, Fifth District.
September 22, 1995.
*798 Michael J. Korn of Prom, Korn & Zehmer, P.A., Jacksonville, for appellant.
Aubry D. Wages, St. Augustine, pro se.
HARRIS, Judge.
The issue on appeal concerns whether the trial court erred in changing the custody of the minor child from the Mother to the Father.
Arden M. Wages, the Mother, filed a petition for dissolution of marriage and on October 28, 1993, the trial court entered a final judgment of dissolution which incorporated an agreement between the parties which designated the Mother as the primary residential parent and provided that the Father, Aubry D. Wages, pay child support.
Some months later, the Mother relocated to Kentucky with her new husband and two children. Because the required alternate weekend visitation was excessively burdensome in light of the Mother's relocation, she moved the court for a modification of the visitation schedule. In her motion, the Mother stated that her relocation was based upon her well-founded belief that the move was in the best interest of the parties' daughter as it would improve the general quality of life for the family and the child. The Mother further stated that she recognized that substitute visitation between the minor child and the Father "must be provided for in order to foster a continuing meaningful relationship between the child and the former Husband" and that she was willing to comply with any reasonable substitute visitation.
The Father responded with a letter to the trial court, treated as a motion to change custody, in which he made numerous allegations regarding the Mother's life prior to the dissolution of marriage. He further alleged that the Mother's new husband had left her on two different occasions and that the Mother had had two different jobs in the preceding few months. The Father went on to include positive statements about his own background and lifestyle, again referring to time periods preceding the dissolution of marriage. The Father concluded by suggesting to the court that he be given full custody or, in the alternative, that he no longer be required to pay child support or provide hospitalization insurance on the child and that the child live with him from the day school is out in the summer until two days prior to school resuming in the fall of each year.
The trial court granted the Father's motion to modify custody for the following reasons, as set forth in the order:
The Former Wife has remarried and has relocated to Kentucky. The Former Wife has been married several times and has lived what could best be described as a transient lifestyle.
The Former Husband has had the same job for approximately thirty (30) years with the Florida East Coast Railroad, *799 owns his own home and has already raised one family.
It is clear that the Former Husband is the more suitable of the two parents. The Former Husband has numerous relatives, co-workers and close friends, who are willing to help him care for the child, including his now grown children by previous marriages.
The Court finds that it would be in the best interest of the minor child to be placed in the custody of the Former Husband.
The Court further finds that the Former Wife's marriage and move to the state of Kentucky indicates a substantial change in circumstances.
The Mother appeals; we reverse.
While we agree that the Mother's move to Kentucky may well have constituted a "substantial change in circumstances,"[1] there was no evidence  and certainly no finding by the trial court  which indicated that such change so adversely affected the welfare of the child that it would have been in the child's "best interest" to be relocated with the Father. See Schweinberg v. Click, 627 So.2d 548 (Fla. 5th DCA 1993) (focus in modification proceedings is on how post-dissolution changes adversely affect the child; changes not affecting the child do not necessitate a change in custody).
It is apparent from the trial court's order that it conducted the hearing as though it were making the initial custody determination.[2] Had he been, his ruling may well have been appropriate.[3] However, the father did not meet the evidentiary burden required to change custody in a modification context. See Schweinberg, supra; Ackerson v. Murphy, 622 So.2d 154 (Fla. 5th DCA 1993) (modification of custody requires showing of substantial change in circumstances and that welfare of child would be promoted by change); Wiggins v. Wiggins, 411 So.2d 263 (Fla. 1st DCA 1982), rev. denied, 418 So.2d 1281 (Fla. 1982) (detriment to the child is crucial to a modification adjudication).
The judgment is reversed with directions to deny the motion to change custody and instead to set an appropriate visitation schedule based on the present facts.
REVERSED and REMANDED.
W. SHARP and ANTOON, JJ., concur.
NOTES
[1] See Bragassa v. Bragassa, 505 So.2d 556 (Fla. 3d DCA 1987) (custodial parent's removal of child from the state of Florida constitutes a substantial change in circumstances for purposes of satisfying the custody modification threshold requirement).
[2] This was error. A trial court does not possess the same discretion to modify a custody order as it did in entering the original decree. Schweinberg, supra. See also Zediker v. Zediker, 444 So.2d 1034 (Fla. 1st DCA 1984).
[3] Determinations which may have been sustainable if on appeal from an initial custody decree may not withstand appellate scrutiny in a modification context. See, e.g., Ackerson v. Murphy, 622 So.2d 154 (Fla. 5th DCA 1993).