660 So.2d 1166 (1995)
John M. REGAN, Appellant,
v.
Debra Jo REGAN, Appellee.
Nos. 94-117, 94-1583.
District Court of Appeal of Florida, Third District.
September 27, 1995.
*1167 Elser, Greene, Hodor & Fabar and Cynthia L. Greene; Jose E. Martinez, Miami, for appellant.
James D. Keegan, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and NESBITT and COPE, JJ.
PER CURIAM.
John M. Regan, the father, appeals an order modifying child custody and a related order awarding attorney's fees. We affirm in part and reverse in part.
The parties divorced in 1991. Most of the terms of the divorce decree were arrived at through mediation. The parties agreed on shared parental responsibility for the parties' daughter, who was then three years old. The appellee mother, Debra Jo Regan, was designated primary residential parent. Because the mother worked days and the father worked nights, the father picked up the child after preschool each day for visitation, and also had overnight visitation on alternate Sundays. The parties agreed to mediate any future disputes which might arise.
In 1993 the mother sought mediation of several recurrent disputes the parties had regarding visitation, the child's extracurricular activities, and an issue regarding medical care. Because the father and his counsel did not respond to oral and written demands for mediation, the mother filed a petition for modification of the divorce decree requesting court resolution of the parties' disputes. After evidentiary hearings, the court entered an order granting relief to the mother, and the father has appealed.[1]
The father first contends that the trial court erred by terminating shared parental responsibility and assigning sole parental responsibility to the mother. After review of the entire record in the light most favorable to the mother as the prevailing party, we see no abuse of discretion in this portion of the trial court's order. We reach that conclusion because there is a clear record of the parties' inability to agree on even the most routine questions of child care. The father testified that he could not envision ever being able to directly communicate with the mother and that he felt the parties would only be able to communicate through an intermediary. Further, as we view his statements at the final hearing, the guardian ad litem appointed for the child agreed with the trial court's conclusion that shared parental responsibility would not work in this situation. The guardian also observed that the then-existing state of affairs was affirmatively harmful to the child. Under the circumstances, we find no abuse of discretion in the trial court's determination that the best interests of the child required termination of shared parental responsibility and the award of sole parental responsibility to the mother, the primary residential parent.
The father next contends that the trial court erred by reducing the amount of after-school visitation with the child. We do not agree. As we view the order, the trial court attempted to divide the child's time into days for after school activities and days primarily for visitation with the father. In view of the clear record of recurrent conflict between the parties on this issue, we are unable to say that there was an abuse of discretion in the resolution reached by the trial court and thus affirm that portion of the order.
*1168 On the other hand, we are unable to see a sound reason for the trial court's decision to terminate the child's periodic overnight visitation with the father. It is agreed by the parties that the father is a fit and loving parent, and that reasonable visitation is appropriate. The cessation of overnight visitation is not warranted on this record.[2] The portion of the order eliminating overnight visitation is reversed.
Finally, the father appeals the order requiring him to pay one-half of the mother's attorney's fees. We reverse on this issue as well. The parties here were in approximately equal financial positions, but the trial court awarded the mother a portion of her attorney's fees as a sanction for the father's initial refusal to comply with the parties' agreement to mediate disputes. In an appropriate case, the trial court might have discretion to enter such an award.
However, our concern here is that although initially reluctant to mediate, at a very early stage of this proceeding the father reversed course and filed a written request for mediation. The mother then filed a strenuous objection to mediation. As both parties changed position on their desire to mediate, we do not think it was appropriate to shift the mother's fees to the father. The award of such fees is reversed.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
NESBITT and COPE, JJ., concur.
SCHWARTZ, Chief Judge (dissenting in part).
I would reverse the judgment below in its entirety. In my opinion, depriving the father of a legally recognized role in Virginia's upbringing is not justified, as required, by a showing that the previously ordered shared responsibility had become "detrimental to the child." § 61.13(2)(b)2, Fla. Stat. (1993). Moreover, neither that ruling nor the modification of the after-school visitation privileges is supported, as is also required, by a substantial change of circumstances which has adversely affected her welfare. See Wages v. Wages, 660 So.2d 797 (Fla. 5th DCA 1995); Schweinberg v. Click, 627 So.2d 548 (Fla. 5th DCA 1993); Ackerson v. Murphy, 622 So.2d 154 (Fla. 5th DCA 1993); Dobbins v. Dobbins, 584 So.2d 1113 (Fla. 1st DCA 1991), review denied, 598 So.2d 75 (Fla. 1992); Ritsi v. Ritsi, 160 So.2d 159 (Fla. 3d DCA 1964), cert. denied, 166 So.2d 591 (Fla. 1964).
Notwithstanding the infantile conduct of her parents,[3] and that she has been made by the legal system into a forensic pawn in the battle between them  subject to repeated, certainly damaging, but medically unnecessary probings into the ineffable psyche of a six-year-old by mental health care practitioners espousing each side  the record shows that Virginia is simply a normal, well-adjusted child faced with the now not unusual problem that her parents are divorced and do not get along. There is nothing which permits the disruption of her established routine, in defiance of the rules of experience and of law that stability and continuity are paramount to her well-being. § 61.13(3)(d), Fla. Stat. (1993).
I believe that the order before us was really based, not on Virginia's best interests or the legal principles which must govern their assessment, but on the trial court's choices of the parent it believed was the better person and of whose mental health "expert" cum brand of popular psychology it preferred. See Simms v. Department of *1169 Health & Rehabilitative Servs., 641 So.2d 957 (Fla. 3d DCA 1994) (Jorgenson, J., concurring in part and dissenting in part), review denied, 649 So.2d 870 (Fla. 1994). To the extent that the majority approves this decision, I dissent.
NOTES
[1] Neither party complains about the portion of the trial court order pertaining to child support and the child's schooling.
[2] In connection with the elimination of all overnight visitation, it appears that the trial court may have relied on the opinion of the child's counselor that the child (then age six) should be allowed to determine whether or not to participate in such visitation and should be allowed to arbitrarily refuse to go on a previously-scheduled visitation because she wanted to do something else. That conclusion is contrary to both common sense and the law. See § 61.13(3)(i), Fla. Stat. (1993). The question of whether a six-year old child should participate in a previously scheduled weekend visitation is a decision which should be made by the adults, not the child. See generally Schutz v. Schutz, 522 So.2d 874 (Fla. 3d DCA 1988), approved, 581 So.2d 1290 (Fla. 1991); Gardner v. Gardner, 494 So.2d 500, 502 (Fla. 4th DCA 1986), appeal dismissed, 504 So.2d 767 (Fla. 1987).
[3] Particularly, it must be acknowledged, that of her father.