898 So.2d 241 (2005)
Elizabeth LENG-GROSS, Appellant,
v.
James J. GROSS, Appellee.
No. 4D04-504.
District Court of Appeal of Florida, Fourth District.
March 16, 2005.
*242 Judith A. Homko, Fort Lauderdale, for appellant.
Barry S. Franklin and Donald G. Criscuolo of Franklin & Criscuolo, North Miami Beach, for appellee.
HAZOURI, J.
The former wife, Elizabeth Leng-Gross, appeals from the post-dissolution order of the trial court which granted the former husband's motion to modify custody and child support. The former husband cross-appeals the trial court's denial of his request for attorney's fees. We affirm the trial court's denial of attorney's fees without discussion. As discussed below, we reverse the trial court's modification of custody and also remand for recalculation of the percentages of each parent's overnights and the amount of child support to be paid.
Prior to the final judgment of dissolution, the parties entered into a mediation agreement which provided for a rotating time-sharing schedule of the parties' four-year-old son. It also designated the parents as co-custodial residential parents. The mediation agreement was incorporated into the Final Judgment and the Final Judgment specifically stated that "[n]either party shall be designated as the primary residential parent, since both parties will share equally in a joint custodial arrangement. . . ."
Almost three years later, on July 10, 2000, the former husband filed his motion to modify custody and for modification of child support on the basis of the former wife's filing of a fraudulent financial affidavit. The former wife filed her Supplemental Petition for Modification of Child Support.
After a hearing which was not recorded, the trial court entered its Final Order on the two petitions. The trial court granted the former husband's petition and designated him primary residential parent. It specifically held that the former husband was not required to show a substantial change in circumstances to modify the existing custody arrangement.
The former wife argues on appeal that for a trial court to modify custody in a case in which there is no prior designation of a primary residential parent, it must find that there is a substantial change in circumstances. The former husband argues that in requests for modification of joint custody arrangements, it is sufficient for the trial court to limit its inquiry to a consideration of the factors set forth in section 61.13(3), Florida Statutes (2000), as if the trial court were making an initial custody determination.
There is a conflict in the cases addressing this issue. In Wade v. Hirschman, 872 So.2d 952 (Fla. 5th DCA 2004), review granted, 884 So.2d 26 (Fla.2004), the fifth district held that consideration of the factors in section 61.13(3) was sufficient to support a change in custody. More recently, in Johnson v. Adair, 884 So.2d 1169 (Fla. 2d DCA 2004), the second district held that the trial court must apply the substantial change in circumstances test enunciated in Gibbs v. Gibbs, 686 So.2d 639 (Fla. 2d DCA 1996). The second district certified conflict with the fifth district's decision in Wade.
We agree with the second district court's decision in Johnson. In Gibbs, the court held that the establishment of a substantial change in circumstances "is required to overcome the legal doctrine of *243 res judicata, and probably reflects a general belief that stability is good for children." Id. at 641. We see no logical reason to abandon the requirement of establishing a substantial change in circumstances in an action for change of custody just because the initial designation of responsibility was joint and not primary. We, therefore, reverse the trial court's order designating the former husband primary residential parent.
With respect to the trial court's modification of child support, the calculation was made on the basis of 52 percent of the overnights to the former wife and 48 percent to the former husband. The former wife argues, and the former husband concedes, that the actual split is 57 percent to the former wife and 43 percent to the former husband. We remand this case to the trial court for recalculation of the child support based upon these figures.
The former wife also argues that when the trial court dismissed her supplemental petition to modify child support "with prejudice," it precludes her from ever again filing another petition to modify child support.
In Eaton v. Eaton, 238 So.2d 166 (Fla. 4th DCA 1970), this court held:
Decrees providing for child support and custody are, by their very nature, impermanent in character and hence are res judicata of the issues only so long as the facts and circumstances of the parties remain the same as when the decree was rendered. Any substantial change in the father's ability to provide or the child's need for support would justify a modification of the support provisions notwithstanding the provisions of the Marital Separation Agreement or the fact that the final decree which established child support approved the agreement.
Id. at 168 (citations omitted). Further, in Department of Health & Rehabilitative Services v. Morley, 570 So.2d 402 (Fla. 5th DCA 1990), the court noted "that an order of child support is always subject to modification upon a showing of changed circumstances. Indeed, no contract or order can divest a court of its authority to modify child support." Id. at 404 (citations omitted). Thus, the trial court's dismissal with prejudice is applicable only to the facts and circumstances presently before the court and in the event of a future change in circumstances sufficient to justify modification, either party may file another petition.
In conclusion, we affirm the former husband's cross-appeal of the trial court's refusal to award him attorney's fees as he has not shown that the trial court abused its discretion. We reverse the trial court's designation of the former husband as primary residential parent. We further reverse and remand for recalculation of child support.
We certify conflict with Wade v. Hirschman, 872 So.2d 952 (Fla. 5th DCA 2004), review granted, 884 So.2d 26 (Fla.2004).
WARNER and POLEN, JJ., concur.