927 So.2d 112 (2006)
Deborah L. BRISCOE, Appellant,
v.
William L. BRISCOE, Appellee.
No. 2D05-3912.
District Court of Appeal of Florida, Second District.
April 19, 2006.
*113 Eduardo J. Mejias of Thompson Law Firm, P.A., Bonita Springs, for Appellant.
J.L. "Ray" LeGrande of LeGrande & LeGrande, P.A., Fort Myers, for Appellee.
CANADY, Judge.
Deborah L. Briscoe appeals an order denying her supplemental petition to modify the parties' final judgment of dissolution of marriage to change the co-primary rotating custody agreement. The appellant argues that the order should be reversed because (1) the appellee was procedurally barred from contesting the supplemental petition and (2) the denial of the petition was inconsistent with a recent decision of the Florida Supreme Court.
In her procedural argument the appellant contends that she was entitled to a modification because the appellee failed to file a proper answer to the supplemental petition. This argument is without merit. See Barnett v. Barnett, 718 So.2d 302, 304 (Fla. 2d DCA 1998); Causin v. Leal, 881 So.2d 20, 22 (Fla. 4th DCA 2004); Seibert v. Seibert, 436 So.2d 1104, 1105 (Fla. 4th DCA 1983).
In her second argument, the appellant correctly contends that the ruling of the trial court was based on authorities which have been disapproved by the supreme court. The circuit court denied the supplemental petition, ruling in relevant part that (1) there was not a legally sufficient change in circumstances as articulated in Gibbs v. Gibbs, 686 So.2d 639 (Fla. 2d DCA 1996); (2) "the co-parenting split parenting plan . . . is not unworkable and doomed to failure"; and (3) the case of Wade v. Hirschman, 872 So.2d 952 (Fla. 5th DCA 2004), appeared to be the most controlling authority.
After the order of the trial court was entered, the Florida Supreme Court granted review of the Wade case and reversed the Fifth District's decision. See Wade v. Hirschman, 903 So.2d 928, 934 (Fla.2005). In doing so, the supreme court not only disapproved the "doomed to failure" test as set forth in the Fifth District's Wade opinion, but also rejected the "detriment" standard for custody modifications articulated in Gibbs. See id. Essentially, the supreme court determined that the Fifth District made it too easy to modify rotating custody agreements by permitting modification without a substantial change in circumstances, while this court in Gibbs made it too difficult by requiring a showing of detriment.
The record before us does not clearly reflect that the circuit court would have denied the modification petition if it had *114 not applied requirements inconsistent with the supreme court's holding in Wade. Reversal is therefore required. See Yeates v. Yeates, 915 So.2d 735 (Fla. 2d DCA 2005). On remand, the trial court shall reconsider the petition in light of the supreme court's decision in Wade.
Reversed and remanded.
NORTHCUTT and STRINGER, JJ., Concur.