# Third District Court of Appeal

## State of Florida

Opinion filed November 2, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1013
Lower Tribunal No. 03-34304
_____

**Daneisis Lopez,**
Appellant,

vs.

**Carlos A. Perez,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Eugene J. Fierro, Senior Judge, Jorge Rodriguez-Chomat and Gill S. Freeman, Judges.

Neil Morales (Naples), for appellant.

Bofill Law Group and Jose C. Bofill, for appellee.

Before WELLS, SHEPHERD and EMAS, JJ.

EMAS, J.

Daneisis Lopez appeals from three orders entered by the trial court: an order granting Carlos Perez's verified motion for temporary injunction to prevent removal of the minor child; an order denying Daneisis Lopez's verified motion to dissolve the temporary injunction and for immediate return of the minor child; and an "order appointing lawyer/guardian ad litem" for the minor child. We affirm in part and reverse in part.

We find no abuse of discretion in the trial court's entry of an emergency injunction on an ex parte basis. We further find that the trial court properly exercised its discretion, supported by competent substantial evidence,[1] in its subsequent order denying Lopez's motion to dissolve the temporary injunction. We find no denial of due process in the manner in which the trial court addressed these motions and further conclude that the evidence supported Perez's assertion that the minor child had been psychiatrically hospitalized and was in need of immediate mental health treatment, given the evidence that the minor child was then a present danger to the child's self or others.[2]

---

[1] Contrary to the statement of facts set forth in Lopez's brief, we must view the facts below in a light most favorable to sustaining the determination of the trial court. See Regan v. Regan, 660 So. 2d 1166, 1167 (Fla. 3d DCA 1995) (holding, on appeal from order modifying shared parental responsibility, that appellate court must review the entire record in a light most favorable to the prevailing party); Moore v. Staalac, Inc., No. 2, 166 So. 2d 814, 815 (Fla. 3d DCA 1964) (holding appellate court must consider the record in a light most favorable to appellee when reviewing disputed issues of fact that have been resolved by the trier of fact).

[2] Lopez makes much of the fact that, at the hearing on the motion to dissolve,

However, we reverse the third order, entitled "Order Appointing Attorney/Guardian Ad Litem" for the minor child. It is true that the court has the discretion, if it finds it is in the best interest of the child, to appoint a guardian ad litem to act as next friend of the child. § 61.401, Fla. Stat. (2016). The court also has the discretion to appoint legal counsel for a child to act as attorney or advocate. Id. However, the statute expressly provides that "the guardian and the legal counsel shall not be the same person." Id. The order is unclear as to the appointed person's capacity, and Lopez correctly argues that one could reasonably read the order as encompassing both capacities. The trial court erred in entering such an order without designating whether the individual is appointed to act as guardian ad litem or as attorney for the minor child, and delineating the powers and responsibilities corresponding with such appointment. We therefore reverse that order and remand this cause for further proceedings not inconsistent with this opinion.

Affirmed in part, reversed in part, and remanded.

---

counsel for Perez referred to the minor child as having been "Baker Acted," see section 394.451, et seq., Fla. Stat. (2016), and asserts the trial court "relied" upon this characterization as the basis for denying the motion to dissolve. We do not agree. Read in context, this statement by counsel was a shorthand (if inartful) reference to the evidence presented at the hearing that the minor child had been hospitalized for several days (and was initially admitted to the psychiatric ward of the hospital) following certain bizarre behavior, disturbing incidents and indications that the minor child was a danger to the child's self or others.