DEMERS, DAVID A., Associate Judge.
In this case, both parties had petitioned the trial court to modify an existing child custody decree under which the father had primary custody of the minor son and the mother had primary custody of the minor daughter. The father sought permanent custody of both children so they could move with him to an out-of-state location where he would be employed at significantly higher income. The mother sought sole custody of the children because the father intended to move out of Florida.
The trial court denied both petitions finding that neither party had met the legal test required for modifying child custody arrangements as expressed in Gibbs v. Gibbs, 686 So.2d 639, 641 (Fla. 2d DCA 1996), in which this court held that a party *412 seeking a modification must meet “the two-prong extraordinary burden test” to overcome the presumption in favor of the existing custodial parent. The court held there that a parent attempting a change in custody must show (1) that there has been a substantial change in circumstances since the decree and (2) that not only would the custody change be in the best interest of the child, but maintenance of the status quo would be detrimental to the child.
The trial court did not have the benefit of the Florida Supreme Court’s recent decision in Wade v. Hirschman, 903 So.2d 928 (Fla.2005), in which the court disapproved the detriment factor discussed in Gibbs, holding that “[r]equiring proof of detriment is inconsistent with this Court’s prior holdings and is not an element of the substantial change test necessary to modify a child custody award.” Id. at 934.
Accordingly, we reverse and remand to the trial court with instructions to reconsider its order in light of Wade.
FULMER, C.J., and NORTHCUTT, J., Concur.