927 So.2d 118 (2006)
Tammy Joy SMITH n/k/a Tammy Joy Morel, Appellant,
v.
Nathaniel John SMITH, Appellee.
No. 2D05-1690.
District Court of Appeal of Florida, Second District.
April 19, 2006.
*119 John A. Colton of Burgess, Harrell, Mancuso, Olson & Colton, P.A., Sarasota, for Appellant.
Lawrence A. Jacobs, Bradenton, for Appellee.
SILBERMAN, Judge.
Tammy Joy Smith n/k/a Tammy Joy Morel (the Former Wife) appeals an order on the supplemental petition of Nathaniel John Smith (the Former Husband) for modification of the parties' final judgment of dissolution of marriage. The appealed order requires the Former Wife to relocate back to Manatee County from Dade County with the parties' child. We reverse and remand for further proceedings.
The parties' marriage was dissolved on September 22, 1999. The final judgment incorporated the parties' Marital Settlement Agreement (MSA), which provided that the parties would have shared parental responsibility of their minor daughter, that the Former Wife would be the primary residential parent, and that the Former Husband would have "free and liberal visitation privileges." The MSA provided for almost daily contact between the Former Husband and the child. In February 2003, the trial court entered an order, based on the Former Wife's petition, modifying the visitation schedule so that the Former Husband had visitation every other weekend and every other weekday.
In October 2003, the Former Wife and her new husband decided to move to Dade County with the parties' child and three children from the Former Wife's new marriage. The Former Wife notified the Former Husband of the move and attempted to arrange a mediation to address changes in the visitation schedule. The Former Husband filed a motion and amended motion to prohibit relocation of the parties' child to Dade County. The Former Wife filed a motion to permit relocation. On February 9, 2004, the Former Husband filed his supplemental petition for modification, requesting a change in child custody and that he be designated the primary residential parent.
On April 6, 2004, the trial court entered an order allowing the Former Wife to move with the parties' child to Dade County, based on a provision in the MSA. The MSA stated as follows:

The Wife, being the residential parent, shall have the sole responsibility for determining the residence of the minor child. However, if the Wife contemplates a change in residence which substantially affects the visitation of the Husband the parties shall confer and attempt to resolve any issues created thereby. In no event shall the Wife relocate out of the State of Florida without providing at least ninety (90) days notice to the Husband.
(Emphasis added.) In November 2004, the court held an evidentiary hearing on the Former Husband's modification petition. In January 2005, the court entered its written order denying a change of custody but ordering the Former Wife to relocate back to Manatee County. Although the order stated that the court undertook to determine whether modification was appropriate, the order actually reflects a detailed analysis of the statutory factors applicable to requests to relocate, *120 contained in section 61.13(2)(d), Florida Statutes (2004). In this appeal, the Former Wife challenges the January 2005 order and raises issues concerning due process, the applicable legal standard for modification of custody, and res judicata.

DUE PROCESS
The Former Wife correctly argues that the order requiring her to relocate back to Manatee County from Dade County violated her right to due process of law. This court recognized in Sabine v. Sabine, 834 So.2d 959, 960 (Fla. 2d DCA 2003), that when "a judgment is not based on an issue that had been framed by the pleadings, noticed for hearing, or litigated by the parties, it may not stand" because "[t]he failure to follow these basic procedural requirements implicates due process concerns." See also Neumann v. Neumann, 857 So.2d 372, 373 (Fla. 1st DCA 2003) (stating "that an order adjudicating issues not presented by the pleadings, noticed to the parties, or litigated below denies fundamental due process").
Here, the Former Husband's modification petition did not seek to have the Former Wife move back to Manatee County, and it did not raise any issue regarding relocation. The Former Wife was not on notice that relocation would be addressed at the November 2004 hearing on the modification petition, and the parties did not try the issue by consent. Rather, at the beginning of the hearing, the Former Husband's counsel stated to the court that "we're seeking that the former husband be designated the primary residential parent." The subject of the Former Wife moving back to Manatee County was not mentioned except when the Former Husband's counsel gave his rebuttal closing argument. Counsel stated, "Quite frankly, we think that [the Former Wife] should move back to Manatee County and we wouldn't have all of these issues."
By adjudicating an issue that was not before it, the trial court denied the Former Wife due process. Therefore, we reverse the order on the Former's Husband's modification petition and remand for further proceedings.

LEGAL STANDARD FOR MODIFICATION OF CUSTODY
The order on appeal reflects that the trial court analyzed the statutory factors relating to requests for relocation rather than the law applicable to requests for custody modification. Thus, on remand, the trial court must reconsider the evidence and the Former Husband's modification petition using the correct law.
In Wade v. Hirschman, 903 So.2d 928 (Fla.2005), the Florida Supreme Court resolved a conflict among the district courts of appeal regarding the law applicable to custody modification proceedings.[1] There, the Florida Supreme Court held that in a modification of child custody proceeding, "satisfaction of the substantial change test is necessary in order to overcome the res judicata effect of the final judgment." Id. at 934. The substantial change test requires the moving party to prove "both that the circumstances have substantially, materially changed since the original custody determination and that the child's best interests justify changing custody." Id. at 931 n. 2 (quoting Cooper v. Gress, 854 So.2d 262, 265 (Fla. 1st DCA 2003)). In addition, "the substantial change must be one that was not reasonably *121 contemplated at the time of the original judgment." Id. (quoting Cooper, 854 So.2d at 265). The court stated that proof of detriment "is not an element of the substantial change test necessary to modify a child custody award." Id. at 934.
Because the trial court did not apply the correct law, on remand the court shall reconsider the Former Husband's modification petition under the standard announced in Wade. The fact that the Former Wife had moved to South Florida cannot, by itself, be considered a substantial change because the Former Wife's relocation was contemplated and addressed in the MSA. The Former Husband has, however, alleged other facts regarding a substantial change in circumstances, such as the living arrangements in the Former Wife's new residence and the fact that the Former Wife took the child out of school and home-schooled her for a period of time without consulting the Former Husband. Due to the passage of time since the entry of the trial court's order and in light of the Wade decision, on remand the trial court shall allow the parties to present additional evidence to resolve the modification petition. See Yeates v. Yeates, 915 So.2d 735, 736 (Fla. 2d DCA 2005).

RES JUDICATA AS TO RELOCATION ISSUE
Finally, we address the parties' arguments as to the doctrine of res judicata. The Former Wife contends that the relocation issue was resolved by the April 2004 order, which was not appealed, and that the doctrine of res judicata bars the Former Husband from relitigating the relocation issue. The Former Husband argues that the doctrine of res judicata does not apply because in entering the April 2004 order, the trial court considered only the MSA and did not consider the child's best interests, while the January 2005 order reflects that the court considered the child's best interests.
In Wade, the supreme court stated that after a court enters a final judgment in a dissolution proceeding that provides for the custody of a child,
it is res judicata of the facts and circumstances at the time the judgment became final. Thus, there is a presumption in favor of the reasonableness of the original decree. This presumption may be overcome when changes in circumstances have arisen which warrant and justify modification of the original decree.
903 So.2d at 932-33 (citation omitted). Here, the final judgment incorporated the parties' MSA, and the MSA provided that the Former Wife had the sole responsibility to determine the child's residence. After the Former Wife informed the Former Husband that she had decided to move to Dade County, the trial court heard the Former Husband's amended petition to prohibit the removal of the parties' child from Manatee County and the Former Wife's motion for an order permitting her to move with the child. In April 2004, the court determined that the plain language of the MSA specifically allowed the Former Wife to determine the child's residence, and the court authorized the move.
The record reflects that the Former Husband raised the issue of the child's best interests in the amended petition to prohibit removal of the child. The order of April 2004 ruled against the Former Husband's position and allowed the Former Wife to move to Dade County with the child. The Former Husband did not appeal that order, and he cites to no authority that allows a party to relitigate a final order allowing relocation. Thus, we conclude that the doctrine of res judicata prohibits the Former Husband from relitigating the relocation issue on remand.

*122 CONCLUSION
In summary, because the trial court's order on the modification petition violated the Former Wife's due process rights and because the trial court applied the incorrect law, we reverse and remand for further proceedings, consistent with this opinion, on the Former Husband's modification petition.
Reversed and remanded.
NORTHCUTT and SALCINES, JJ., Concur.
NOTES
[1] We note that at the time the trial court entered the order now on appeal, it did not have the benefit of Wade.