938 So.2d 646 (2006)
ANTHONY R. CECENA, JR., Appellant,
v.
GINGER A. CHAMBERS, Appellee.
Case No. 2D05-5715.
District Court of Appeal of Florida, Second District.
Opinion filed October 11, 2006.
Julian A. Hayes of Law Offices of J.A. Hayes, P.A., Tampa, for Appellant.
Neal Weinstein, Tampa, for Appellee.
STRINGER, Judge.
Anthony R. Cecena, Jr., the Father, seeks review of a postdissolution order granting the supplemental petition for modification of custody filed by Ginger A. Chambers, the Mother. We reverse because the trial court did not make a determination that the modification of custody was supported by a substantial change in circumstances.
The parties in this case entered into a marital settlement agreement that provided for shared parental responsibility with the Father as the primary residential parent. It provided for visitation by "mutual agreement," or in the absence of mutual agreement, the marital settlement agreement provided two detailed visitation schedules: one that applied if the parties resided 100 miles or less apart and another that applied if the parties resided more than 100 miles apart. The marital settlement agreement also provided that if either parent relocates, "the relocating parent shall be responsible for the transportation, including pickup from and return to the other parent's residence for visitation." At the time the marital settlement agreement was executed, the parties lived less than 100 miles apart.
The final judgment of dissolution was entered on March 5, 2004, and shortly thereafter, the Father relocated to Iowa with the parties' two-year-old child. The Father refused to pay for the child's transportation to Florida for visitation with the Mother as required by the marital settlement agreement. In response, the Mother filed three pleadings with the court on April 24, 2004, about six weeks after entry of the final judgment: (1) a motion for relief from judgment alleging that she never read the marital settlement agreement, (2) an emergency motion for order directing return of the child to the jurisdiction, and (3) a supplemental petition for modification of the final judgment. The supplemental petition for modification alleged that the Father's relocation to Iowa constituted a substantial change in circumstances and requested that the Mother be awarded primary residential custody of the child.
The court held hearings on the first two motions in July and September 2004. In September 2004, the Mother filed a motion for contempt or, in the alternative, to enforce the final judgment. The motion alleged that the Father had not provided for the child's transportation from Iowa for visitation in Florida with the Mother as required by the marital settlement agreement.
In January 2005, the court rendered a written order denying the motion for relief from judgment based on its finding that the Mother's failure to read the marital settlement agreement was her own fault. The court also denied the emergency motion for order directing return of the child to the jurisdiction based on its finding that the final judgment did not prohibit the Father's relocation. The Mother did not appeal these adverse rulings to this court, and the supplemental petition for modification and motion for contempt or to enforce the final judgment remained pending.
The court held a hearing on the two pending motions in May 2005. The transcript of that hearing is not included in the record on appeal. The trial court granted the motion to enforce final judgment and directed the Father to provide forty-two days of visitation between June 1 and August 31, 2005. The parties do not dispute that the Father complied with this order. Nonetheless, after a second hearing in July 2005, the transcript of which is also not in the record, the court granted the Mother's supplemental petition for modification and awarded custody to the Mother.
In its order granting the supplemental petition for modification, the court cited portions of its order granting the motion to enforce final judgment in which it found that (1) "[w]ithin weeks of entry of the Judgment the [Father] unilaterally moved to the State of Iowa with the minor child," (2) the Father had already decided to move at the time he signed the marital settlement agreement, (3) "[t]he [Mother] testified that, although the [Father] had raised the possibility of moving to Iowa, she did not know that the [Father] planned, within weeks, to move there," (4) the Mother had not seen the child since the Father moved to Iowa, and (5) "[t]he [Father] knew he would not comply with the visitations [sic] provisions of the Marital Settlement Agreement when he signed it." The court then conducted a best interests analysis and concluded that even though both parents were equally good providers and loved the child equally, the Father's failure to facilitate visitation with the Mother rendered a modification of custody in the child's best interests. What the court did not do was make a determination that modification of custody was supported by a substantial change in circumstances.
On appeal, the Father argues that the modification of custody was not supported by a substantial change in circumstances because relocation was contemplated by the marital settlement agreement. The Father also argues that the trial court erred in refusing to consider less drastic measures to enforce visitation. The Mother argues that the court's findings that the Father had relocated and had failed to facilitate visitation were "implicit" findings of a substantial change in circumstances. The Mother also argues that no less drastic measures were feasible in this case.
As authority for the modification of custody, the trial court relied on section 61.13(4)(c)(5), Florida Statutes (2003). That statute provides authority for a court to modify custody if the custodial parent refuses to honor the noncustodial parent's visitation rights without proper cause and the modification is in the best interests of the child. At least one Florida court has previously held that a substantial change in circumstances was not required for custody modifications under section 61.13(4)(c)(5). See, e.g., Compton v. Compton, 701 So. 2d 110, 112 (Fla. 5th DCA 1997); Steiner v. Romano-Steiner, 687 So. 2d 21 (Fla. 5th DCA 1996). However, the supreme court has recently held that the substantial change test "applies to modification of all child custody matters." Wade v. Hirschman, 903 So. 2d 928, 932 (Fla. 2005). Thus, under Wade, the substantial change test now applies to custody modifications under section 61.13(4)(c)(5). Morales v. Morales, 915 So. 2d 247, 249 (Fla. 5th DCA 2005). In this case, the trial court did not consider the substantial change test in determining whether to grant the Mother's supplemental petition for modification. Accordingly, we reverse and remand for the court to reconsider the Mother's supplemental petition for modification of custody.
We decline the Mother's invitation to find that the court's findings that the Father had relocated and had failed to facilitate visitation were "implicit" findings of a substantial change in circumstances.
This substantial change test requires the movant [seeking modification of custody] must show both that the circumstances have substantially, materially changed since the original custody determination and that the child's best interests justify changing custody. Furthermore, the substantial change must be one that was not reasonably contemplated at the time of the original judgment.
Wade, 903 So. 2d at 931 n. 2. The trial court appeared to focus on the Father's "unilateral" move to Iowa in considering the supplemental petition for modification. However, a parent's relocation that is contemplated by a marital settlement agreement is not a substantial change in circumstances in itself. Smith v. Smith, 927 So. 2d 118, 121 (Fla. 2d DCA 2006).
Furthermore, we question whether the Father's failure to provide the child for visitation over a six-week period constitutes a substantial, material change since the original custody determination. It is unlikely that such a time period could be sufficient for a determination that there has been a substantial change in circumstances. Although the Father did not provide the child for visitation during the fifteen-month period the Mother's supplemental petition for modification remained pending in the trial court, the Father's ultimate delivery of the child for forty-two days of visitation in the summer of 2005 tends to suggest that the visitation issue had been resolved. The Father strenuously asserts on appeal that he did not make arrangements for the child to visit the Mother because he could not afford to do so without the monthly child support the Mother was delinquent in paying. It may be that the child support issue has been resolved and the Father can now afford visitation; we are unable to make that determination without the missing record transcripts.[1]
We recognize that the trial court found that the Father never intended to comply with the visitation provision of the marital settlement agreement. This finding may well be supported by evidence taken at the hearings on the Mother's motions, but the absence of the transcripts of the hearings precludes our review of the trial court's factual findings.
This leads to the Father's second argument, which is that the trial court erred in refusing to consider less drastic measures to enforce visitation. We decline to rule on this argument at this time because it is premature without a finding that modification is supported by a substantial change in circumstances. It is important to note that a modification of custody can only be used in a very narrow set of circumstances as a sanction for a parent's conduct in dissolution proceedings. For example, modification of custody is not a proper sanction for a contempt finding based on a custodial parent's refusal to comply with a visitation decree. See, e.g., Burckle v. Burckle, 915 So. 2d 747, 749 (Fla. 2d DCA 2005). Similarly, entry of a default in a custody modification proceeding is not a proper sanction for a custodial parent's failure to comply with other types of court decrees. See, e.g., Andrews v. Andrews, 624 So. 2d 391, 392 (Fla. 2d DCA 1993). While section 61.13(4)(c)(5) does provide for the modification of custody as a sanction for a custodial parent's refusal to honor the non-custodial parent's visitation rights, it should be done only upon the filing of a petition for modification with proper notice and only as a last resort. Furthermore, the decision to modify custody under section 61.13(4)(c)(5) must also be in the child's best interests.
Based on the foregoing analysis, we reverse the order granting the Mother's supplemental petition for modification of custody and remand for the court to reconsider the petition using the substantial change test. This may necessitate the taking of additional evidence depending on whether the parties presented evidence on this issue below, which we are unable to determine without the transcripts of the hearings.
Reversed and remanded.
SILBERMAN, and LaROSE, JJ., Concur.
NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.
NOTES
[1] We note that a custodial parent is precluded from withholding visitation from a noncustodial parent in retaliation for the noncustodial parent's failure to pay child support. See § 61.13(4)(a). However, it is a financial reality that the noncustodial parent's failure to pay child support may well prevent an out-of-state custodial parent from being able to afford transportation for visitation.