967 So.2d 277 (2007)
Andrew E. PASKIEWICZ, Sr., Appellant/Cross-Appellee,
v.
Yvonne Cordell PASKIEWICZ, n/k/a Yvonne Sprinkle, Appellee/Cross-Appellant.
No. 3D06-660.
District Court of Appeal of Florida, Third District.
September 26, 2007.
*278 Greenman & Manz and David L. Manz, Marathon, for appellant/cross-appellee.
Kendra D. Presswood, Holmes Beach, for appellee/cross-appellant.
Before WELLS and CORTIÑAS, JJ., and FLETCHER, Senior Judge.
WELLS, Judge.
Andrew Paskiewicz, Sr., appeals from a final judgment modifying custody and allowing the former wife, Yvonne Cordell Paskiewicz, n/k/a Yvonne Sprinkle, to relocate with the parties' children. Sprinkle cross-appeals claiming that the trial court erred in denying her request for attorney's fees. We reverse the custody modification because the trial court applied the incorrect legal standard. Because we find no abuse of discretion in denying Sprinkle a fee award, we affirm that part of the order.
The parties married in Key West on January 26, 1997, and are the parents of two minor children, both of whom were born in Key West. On June 17, 2004, a final judgment of dissolution of marriage incorporating the terms of an agreement announced in open court was entered. That agreement provided for joint custody with each party having equal time with the children.
Two years after the final judgment was entered, Sprinkle decided to move to Virginia with her partner Deborah Ryan. According to Sprinkle, she decided to move because the Keys were too expensive and because it had become common knowledge that she was gay and she was being treated differently at home and at work. Sprinkle sought permission to relocate with the children; Paskiewicz sought sole custody. Following a hearing at which a number of witnesses testified about the close relationship between the children and both parents' families[1]; about how well the children were doing in school[2]; about Paskiewicz' life-style[3]; about the parents' *279 behavior toward each other[4], and about Sprinkle's reasons for wanting to relocate, the trial court modified the joint custody award made in the final judgment to make Sprinkle the primary residential custodian and to permit her to relocate to Virginia with the children:
There has been a substantial change in circumstances since the Court entered the Amended Final Judgment of Dissolution of Marriage, and this change is in the best interest of the children, to wit: the movement of the Former Wife to Virginia which was necessitate[d] by her financial situation, the unavailability of affordable housing in the Florida Keyes [sic], and the income the Former Wife could use to purchase afford [sic] a home.
The Court has considered Florida Statute 61.13, subparts (2) and (3) regarding whether a residential parent should be permitted to move to another jurisdiction for residence with the child or children. The Court has also considered the enumerated criteria in Florida Statute 61.13(3) regarding the award of primary custody to a parent. In that the Court has considered both sections separately and also in conjunction with each other and has considered the testimony of the parties and the witnesses, the Court finds and concludes based on the following that the primary residential parent in this case should be the Former Wife . . . subject to reasonable rights of visitation at all times in the Former Husband. . . .
Paskiewicz claims that the trial court made its decision to change custody based solely on Sprinkle's decision to relocate and that a decision to relocate, without more, cannot be deemed a substantial change of circumstances that justifies a custody modification. In this case, we agree.
Modification of a custody award requires a showing of a substantial change in circumstances not contemplated at the time of the original custody award:
Clearly, "[a] trial court's authority and discretion in a modification proceeding are more restricted than at the time of the initial custody determination." Newsom v. Newsom, 759 So.2d 718, 719 (Fla. 2d DCA 2000); Young v. Young, 732 So.2d 1133 (Fla. 1st DCA 1999); Jablon v. Jablon, 579 So.2d 902 (Fla. 2d DCA 1991); Zediker v. Zediker, 444 So.2d 1034, 1036 (Fla. 1st DCA 1984) (describing movant's "extraordinary burden" to satisfy "substantial change in circumstances" and "children's best interests" tests to justify modification). In seeking a modification of custody, the movant must show both that the circumstances have substantially, materially changed since the original custody determination and that the child's best interests justify changing custody. Newsom, 759 So.2d at 719; Gibbs v. Gibbs, 686 So.2d 639 (Fla. 2d DCA 1996). Furthermore, the substantial change must be one that was not reasonably contemplated at the time of the original judgment. Pimm v. Pimm, 601 So.2d 534, 536 (Fla.1992).
Cooper v. Gress, 854 So.2d 262, 265 (Fla. 1st DCA 2003), approved by Wade v. *280 Hirschman, 903 So.2d 928, 934 (Fla.2005) (explaining that "res judicata attach[s] to . . . [a custody determination in place] and that determination cannot be modified without satisfying the substantial change test").
As we explained in Bazan v. Gambone, 924 So.2d 952 (Fla. 3d DCA 2006), a desire to relocate for financial reasons will not necessarily demonstrate a substantial change in circumstances that will justify a custody change. In Bazan, the parents had complied with a joint custody award for over two years when the mother sought to relocate, arguing: (1) her mother was in poor health and needed assistance; (2) she had been offered a job at her mother's company in Ohio at double her current salary; and (3) she and the minor child would be able to live rent-free at her mother's home. In reversing an order granting modification, we stated:
It is well settled that a trial court's authority and discretion in a modification proceeding is substantially more restricted than at the time of the original custody determination. Cooper, 854 So.2d at 265; Adams v. Adams, 385 So.2d 688, 689 (Fla. 3d DCA 1980). In Wade v. Hirschman, 903 So.2d 928 (Fla. 2005), the Florida Supreme Court approved of a two-part "substantial change" test that was set forth in Cooper, supra, which must be met for modification of all custody agreements. The "substantial change" test requires the party seeking modification of the custody arrangement to show (1) that the circumstances have substantially and materially changed since the original custody determination, and (2) that the child's best interests justify changing custody. Wade, 903 So.2d at 931 n. 2. Furthermore, the substantial change must be one that was not reasonably contemplated at the time of the original judgment. Id.

The "substantial change" test applies to virtually all requests for modification of custody decrees, including those adopted by a trial court pursuant to an agreement of the parties as well as those established after an adversarial hearing on the issue of custody. Id. at 934. As the Florida Supreme Court explained, this test promotes the finality of the judicial determination of the custody of children. Id. at 932. Satisfaction of the "substantial change" test is necessary to overcome the res judicata effect of the final judgment. Id. at 934.
Bazan, 924 So.2d at 955-56.
The facts in this case are less compelling than those in Bazan, and while the reasons articulated by Sprinkle for wanting to relocate may have been sufficient to permit relocation had the original custody arrangement been different, they are insufficient to change the current joint rotating custody award to shared responsibility with a primary residential custodian.[5]See § 61.13001(7), Fla. Stat. (2006) (listing factors to be considered when a primary custodial parent seeks to relocate); Wade, 903 So.2d at 932 n. 8 (confirming that a custody arrangement in which no primary custodial parent has been designated and in which the parents alternate custody, is a rotating custody agreement not subject to modification to shared parental responsibility with a primary residential parent absent a showing of a substantial change in circumstances). As the trial court recognized, absent a change in custody, the children in this case cannot relocate. The order modifying custody and authorizing relocation is, therefore, reversed.
We do not, however, find that the court below abused its discretion in denying a fee award to Sprinkle and therefore affirm *281 that part of the modification order. See § 61.16, Fla. Stat. (2006) ("The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals."); see also Rosen v. Rosen, 696 So.2d 697, 700 (Fla.1997) (observing "section 61.16 should be liberally  not restrictively  construed to allow consideration of any factor necessary to provide justice and ensure equity between the parties").
Accordingly, the order modifying custody and authorizing relocation is reversed and remanded with instructions to reinstate the final judgment dated June 17, 2004, incorporating the agreed joint custody arrangement detailed in the parties' final judgment of dissolution; the portion of the order denying Sprinkle a fee award is, however, affirmed.
This decision shall take effect immediately without regard to the filing or disposition of any motion for rehearing.
NOTES
[1] The testimony was that the children were close to their extended families in Monroe County and that the entire family, including Paskiewicz's brothers, ate dinner together several times a week. Sprinkle's mother and sister also saw the children weekly, and Sprinkle's sister's husband enjoyed a close relationship with the parties' son. Sprinkle's mother and sister characterized Paskiewicz as a loving and good father.
[2] Both children were doing well in school in Marathon where their daughter was in the gifted student program, at which Paskiewicz volunteered.
[3] A woman who had dated Paskiewicz after the parties' divorce testified that she had stayed with him for extended periods of time and that there were always adults over partying. She also testified that Paskiewicz talked about the mother's relationship with her partner in front of the children, that the children acted withdrawn with Paskiewicz, that the children expressed themselves more with Sprinkle, and that they stated that they wanted to live with their mother. She also stated that Paskiewicz was more interested in getting even with Sprinkle than having custody of the children.
[4] Sprinkle testified that after she moved to Virginia she had set up e-mail accounts for the children, who remained in Florida, but that Paskiewicz would not let the children check their e-mail and would not permit them to return her telephone calls.
[5] Here, as in Bazan, the joint custody award was a rotating custody arrangement.