PER CURIAM.
Appellant seeks review of a supplemental final judgment entered in a paternity action which, among other things, changes the primary residential custody of the parties’ 14-year-old daughter from appellant (who is the child’s mother) to the child’s father. As the party seeking the custody modification, the father bore a much heavier burden than would have applied to the *35 initial custody determination. Cooper v. Gress, 854 So.2d 262, 267 (Fla. 1st DCA 2003), approved in Wade v. Hirschman, 903 So.2d 928 (Fla.2005). The father was obliged to establish both that a substantial and material change in circumstances had occurred since the entry of the consent judgment in 1996, and that the requested modification of custody would be in the daughter’s best interest. Wade v. Hirschman, 903 So.2d at 932-33. As explained in Wade, the purpose of this heightened burden is to promote “the stability of custody-related awards.” Id. at 934. Having carefully reviewed the record, we conclude that competent substantial evidence does not support the trial court’s decision because the father failed to demonstrate either that there had been a substantial and material change in circumstances since the entry of the initial consent judgment or that changing the daughter’s custody would be in her best interest. On the contrary, the evidence strongly supports the conclusion that removing the child from the parent with whom she had spent her entire life would not be in the child’s best interest. Accordingly, we are constrained to conclude that the trial court abused its discretion when it entered its supplemental final judgment changing the child’s custody, and that the supplemental final judgment must, therefore, be reversed.
REVERSED.
ALLEN, WEBSTER, and PADOVANO, JJ., concur.