LAGOA, J.
 

 Faustino Martinez, former husband, appeals from an order modifying the education and visitation provisions of the April
 
 *56
 
 11, 2008, marital settlement agreement (hereinafter the “Agreement”). Because the order impermissibly modifies the parties’ Agreement, we reverse the trial court’s order.
 

 I.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 

 Faustino Martinez, a citizen of Spain, and Fulya Kurt, a citizen of Turkey, were married in 1994. Since then, they have lived in Florida with their two children, who are citizens of the United States and Spain.
 
 [1]
 
 During their dissolution of marriage proceeding, Mr. Martinez and Ms. Kurt entered into the Agreement concerning the custody and care of the children, which was incorporated into the April 16, 2008 final dissolution judgment without change.
 
 [2]
 

 Paragraph 12(a) of the Agreement states that Ms. Kurt has the right to relocate to Turkey with the children.
 
 [3]
 
 At issue in this appeal is Paragraph 12(d) of the Agreement, which states as follows:
 

 The parties have discussed the situation if Ms. Kurt wishes to relocate to Turkey. The parties have to agree to a full-time English speaking school in Turkey should the children attend private school in Turkey. Neither party’s consent will be unreasonably withheld as to the selection of the school. So the mechanism would be Ms. Kurt would provide the school information to Mr. Martinez, he would take a look at it, they would discuss it. Both parties will interview the schools together in Turkey. They will both meet with the appropriate personnel at the school. They will attempt to make a joint decision for the best interest of their children. If that is unsuccessful, then it goes to arbitration if they can’t reach an agreement with whoever we agree to as the arbitrator.
 

 On August 18, Ms. Kurt informed Mr. Martinez that she was relocating with the children to Antalya, Turkey, the town where her family resides and owns a business. Ms. Kurt provided Mr. Martinez with the names of two Turkish private schools for the children to attend in that town. The two schools suggested by Ms. Kurt were not full-time English-speaking schools as contemplated by the Agreement. As such, Mr. Martinez did not approve of the schools. Pursuant to the trial court’s directive, Mr. Martinez provided Ms. Kurt with a list of three full-time English-speaking schools, which were located in or near Istanbul. Ms. Kurt, however, did not approve of these schools.
 

 Following the impasse, Ms. Kurt then filed a motion for modification, requesting permission for the children to attend school in Antalya. In her motion, she asserted that Mr. Martinez’s choice of schools “are not practical” because of the commute and the traffic problems in Istanbul. To the contrary, she alleged that it was in the children’s best interest to attend a school in Antalya, which offers 10
 
 *57
 
 hours of English per week, Spanish language instruction, and is located near Ms. Kurt’s family and friends. She further asserted that substantial changes have occurred that she was not aware of, i.e., the law has changed in Turkey and the number of English-speaking schools in Turkey have substantially diminished and are not conducive for the children. In response, Mr. Martinez argued the parties had specifically agreed that the children would attend a full-time English-speaking private school in Turkey.
 

 At the hearing on the motion, the parties testified as to their Agreement that the children would attend a full-time English-speaking private school in Turkey, as well as the differences between the English speaking and Turkish education systems, and the benefits of each system. The trial court granted Ms. Kurt’s motion, finding that “[t]he agreed to full-time English-speaking school does not exist where [Ms. Kurt] chooses to reside and it is unreasonable to require her to live hundreds of miles from the rest of her family to be near such a school.” The trial court concluded that a private Turkish-speaking school, with ten hours per week of English, “is a fail' compromise.” The trial court also modified Mr. Martinez’s visitation schedule due to the change in holidays celebrated in the Turkish-speaking schools. In so ruling, the trial court made no findings that a substantial change in circumstances had occurred or that the modification was in the children’s best interests. This appeal ensued.
 

 II.
 
 ANALYSIS
 

 On appeal, Mr. Martinez argues that the trial court impermissibly modified the final judgment by permitting Ms. Kurt to enroll the children in a Turkish-speaking private school, absent a finding that a substantial, material change in circumstances had occurred and absent competent, substantial evidence to support such a change. We agree.
 

 In ruling on a motion to modify aspects of a judgment concerning the custody and care of a child, the trial court must apply the “substantial change” test set forth in
 
 Wade v. Hirschman,
 
 903 So.2d 928, 933-34 (Fla.2005).
 
 See Snowden v. Snowden,
 
 985 So.2d 584, 587 (Fla. 5th DCA 2008) (noting that the
 
 Wade
 
 standard applies to any modification of a custody agreement “unless otherwise provided” in the final judgment);
 
 Segarra v. Segarra,
 
 947 So.2d 543, 547 (Fla. 3d DCA 2006) (“Although in
 
 Cooper
 
 and
 
 Wade
 
 the courts adopted the substantial change test for modification of a rotating custody agreement, the same concerns apply to modification of any aspect of the final judgment.”). In order to satisfy the substantial change test,
 

 the movant must show both that the circumstances have substantially, materially changed since the original custody determination
 
 and
 
 that the child’s best interests justify changing custody. Furthermore, the substantial change must be one that was not reasonably contemplated at the time of the original judgment.
 

 Wade
 
 at 931 n. 2 (quoting
 
 Cooper v. Gress,
 
 854 So.2d 262, 265 (Fla. 1st DCA 2003)).
 
 See Paskiewicz v. Paskiewicz,
 
 967 So.2d 277, 279-80 (Fla. 3d DCA 2007);
 
 Bazan v. Gambone,
 
 924 So.2d 952, 955-56 (Fla. 3d DCA 2006).
 

 Ms. Kurt argues that the decrease in the number of English speaking schools in Turkey constitutes a substantial change, which warrants the requested modification. A review of the record, however, shows that Ms. Kurt has not met her burden of proving a substantial change in circumstances. As indicated by her testimony, the Turkish laws, which resulted in a de
 
 *58
 
 crease in the number of English speaking schools in Turkey, were in effect when she signed the Agreement. Moreover, the matter of the children’s private school attendance in Turkey was specifically addressed in the Agreement, which was considered and ratified by the court when it was incorporated into the final judgment. Therefore, the alleged changes did not occur post-judgment.
 

 What the record does show, however, is that subsequent to signing the Agreement, Ms. Kurt decided that she did not like living in Istanbul and that she wanted to live in Antalya near her family in a home they had purchased for her. It is this change in her circumstances that caused the alleged difficulties in selecting the agreed-upon full-time English-speaking school, rather than the change in the number of full-time English-speaking schools. Indeed, at the time she entered into the Agreement, Ms. Kurt had been living in Istanbul for almost a year, and had intended to enroll the children in the British School, a full-time English-speaking school, which is not affected by the changes in Turkish law.
 

 As such, we find that Ms. Kurt’s desire to relocate to Antalya is not a substantial change in circumstances justifying a modification of the Agreement as to the children’s agreed-to full-time English-speaking education.
 
 See Paskiewicz,
 
 967 So.2d at 279-80 (holding that decision to relocate alone is not a substantial change in circumstances justifying modification);
 
 Ogilvie v. Ogilvie,
 
 954 So.2d 698, 701 (Fla. 1st DCA 2007) (holding that relocation alone is not a substantial change in circumstances sufficient to support custody modification);
 
 Cecena v. Chambers,
 
 938 So.2d 646, 649 (Fla. 2d DCA 2006) (“[A] parent’s relocation that is contemplated by a marital settlement agreement is not a substantial change in circumstances in itself.”);
 
 Ba-zan,
 
 924 So.2d at 956-57 (holding that allegations “that former wife ... would benefit from the custody change and that the child would live in a home rather than a rental apartment ... are insufficient as a matter of law to satisfy the ‘substantial change’ test”).
 

 Accordingly, the trial court’s order modifying the education and visitation provisions is reversed and remanded with instructions directing the trial court to reinstate the final judgment dated April 16, 2008, incorporating the parties’ April 11, 2008 marital settlement agreement. This decision shall take effect immediately without regard to the filing or disposition of any motion for rehearing.
 

 Reversed and remanded with directions.
 

 [1]
 

 . As of April 2008, Ms. Kurt had been living in Istanbul, Turkey for 10 months.
 

 [2]
 

 . The agreement, which provides that Florida law governs even if the children are residents of another jurisdiction, was dictated to a court reporter and orally agreed to by the parties.
 

 [3]
 

 . Paragraph 12(a) provides:
 

 The parties have agreed that one of the considerations for some of the provisions that have been included, is that (he wife will have the right to relocate to Turkey with the minor children if she chooses to do so on or before the end of August of 2009. Her ability to travel is unconditional, which means that if she chooses to go there will be no defense raised or pleadings filed with the Court to delay or frustrate or challenge the wife’s efforts at relocation.