ROTHENBERG, J.
Carmen M. Sueiro (“mother”) appeals from a post-dissolution order granting the former husband’s, Manuel G. Gallardo (“father”), Petition for Modification and the father’s Motion(s) to Enforce Against the Former Wife. We affirm, in part, and reverse, in part.
In September 2005, a final judgment of dissolution of marriage was entered, ratifying and approving the mediated settlement agreement entered into by the mother and the father (collectively, “the parties”). The agreement provides that the parties shall have shared parental responsibility of their three minor children, the children’s primary residence will be with the mother, and the father shall have liberal visitation. The parties’ oldest child, a girl, was born in April 1999, and the parties’ two younger children are twins, a girl and a boy, who were born in October 2003.
Starting in October 2010, more than five years after the final judgment of dissolution of marriage was entered, the father filed several petitions or motions seeking, in part, enforcement of the parties’ time-sharing provisions of the final judgment, modification of child support, and modification of the final judgment of dissolution of marriage as to several issues, including child custody.
Commencing in April 2012, the petitions/motions were heard before the trial court, with the parties acting pro se. Approximately four months later, the trial court entered an order granting the father’s motions/petitions. The trial court’s order addresses several issues, however, only issues relating to the custody and visitation of the minor children merit discussion.
In its order, the trial court found that the father had established a substantial change in circumstances warranting a *587 change in the child custody arrangement. Specifically, the trial court found that Dr. Miguel Firpi, a clinical psychologist appointed by the trial court to assist with the reunification process between the children and the father, had “confirmed parental alienation by [the mother].” Specifically, the trial court found:
[T]he older child’s influence over her younger siblings, as allowed by the [mother], is so controlling and so detrimental to the [father’s] relationship with the twins that Dr. Firpi has recommended not only excluding her from timesharing with the [father] but not even advising her in advance when the twins will be seeing their father.
Based on this finding of “alienation,” the trial court: (1) awarded sole parental responsibility of the twins to the father; (2) awarded sole parental responsibility of the oldest child to the mother; (3) held that, on a temporary basis, there shall be no timesharing between the twins and their mother, however, once the twins have become stable in their new environment, the trial court would “welcome recommendations” from the twins’ therapists; and (4) ordered that the transfer of the twins to the father shall immediately take place. The mother’s timely appeal followed.
The issue presented in this appeal is whether the trial court abused its discretion by altering the parties’ child custody arrangement set forth in the mediated settlement agreement that was incorporated into the final judgment of dissolution of marriage. A custody provision set forth in a final judgment of dissolution of marriage can be “materially modified only if (1) there are facts concerning the welfare of the child that the court did not know at the time the decree was entered, or (2) there has been a change in circumstances shown to have arisen since the decree.” See Wade v. Hirschman, 903 So.2d 928, 932 (Fla.2005). “The degree of change in the conditions and circumstances since the date of the previous decree must be of a substantial character.” Id. at 933. To satisfy the substantial change of circumstances test, the party seeking modification “must show both that the circumstances have substantially, materially changed since the original custody determination and that the child’s best interests justify changing custody.” Id. at 931 n. 2 (quoting Cooper v. Gress, 854 So.2d 262, 265 (Fla. 1st DCA 2003) (citations omitted)); see also Cheek v. Hesik, 73 So.3d 340, 344 (Fla. 1st DCA 2011) (“The best interests of the child are always the paramount concern in child custody and time-sharing matters.”); Sanchez v. Hernandez, 45 So.3d 57, 61 (Fla. 4th DCA 2010) (“In seeking a modification of custody, the mov-ant must show both that the circumstances have substantially, materially changed since the original custody determination and that the child’s best interests justify changing custody.”); Martinez v. Kurt, 9 So.3d 54, 57 (Fla. 3d DCA 2009); Paskiewicz v. Paskiewicz, 967 So.2d 277 (Fla. 3d DCA 2007).
Based on this standard, we conclude the trial court’s order modifying the child custody and visitation arrangement in the mediated settlement agreement must be reversed for the following two reasons. First, the trial court’s finding that there was parental alienation by the mother “as confirmed by Dr. Miguel Fir-pi,” is not supported by competent, substantial evidence. See McKinnon v. Staats, 899 So.2d 357, 361 (Fla. 1st DCA 2005) (holding that a finding of parental alienation, “if based on competent, substantial evidence can justify a post-dissolution modification of custody”). Our independent review of Dr. Firpi’s testimony demonstrates that, although the oldest child made every attempt to thwart visita *588 tion with the father and to negatively influence her younger siblings’ view toward the father, there was no evidence that the mother encouraged the oldest child’s behavior. Rather, the evidence showed that the mother allowed the children to attend the visitations that were scheduled as part of the reunification process, and when the children would refuse to enter the vehicle or the “play room,” the mother would encourage the children to go. Therefore, because the trial court’s finding as to parental alienation is not supported by competent, substantial evidence, we reverse the portions of the trial court’s order altering the child custody and visitation arrangement in the mediated settlement agreement.
Secondly, we conclude that based on Dr. Firpi’s testimony, the immediate change of custody, at least at that point, was not in the best interest of the twins. Specifically, Dr. Firpi clearly testified that any transition of the children to the father’s home should take place slowly, not immediately, as ordered by the trial court:
Well, you know, ... I’m not sure that the children should be transferred to [the father’s] house. I’m not sure that that’s the remedy at his point, because I think they have been living in their mother’s house, and to transfer them would probably be very traumatic and may actually make [the father’s] situation worse, so I would be really hesitant to engage in that kind of a drastic environment.
[[Image here]]
If [the father] take[s][his] children and [the father] move[s] them from the mother’s home to [his] home, A, it’s probably going to harm them, which is something I know you don’t want — ... and B, it’s going to make — it’s going to make their relationship with [the father] worse, or at least there’s a big chance that that’s going to happen.
(emphasis added). As Dr. Firpi’s testimony was the only evidence presented regarding how to transition the children in a manner that is in their best interest, there was no competent substantial evidence to support the trial court’s decision to immediately transfer the children to the father.
Accordingly, we conclude the trial court abused its discretion by modifying the child custody provisions set forth in the parties’ mediated settlement agreement, and reverse the portions of the trial court’s order pertaining, directly or indirectly, to a change in child custody and/or visitation. All other aspects of the order under review are affirmed. Further, the transition of the twins back to the mother shall take place immediately, notwithstanding the filing of a motion for rehearing.[1]
Affirmed in part; reversed in part.

. The effect of this opinion is to nullify the trial court’s order issued December 21, 2012.