ROTHENBERG, J.
This appeal arises from the trial court’s modification of the parties’ timesharing plan. Because the trial court’s failure to make specific findings in the final order was not raised in the appellant’s motion for rehearing, and the trial court’s order is supported by competent substantial evidence, we affirm.
The parties, Ellen Sordo (“the mother”) and Gerard Joseph Camblin (“the father”) have been engaged in a highly contentious child custody dispute for over five years since their marriage was dissolved in October 2008. Both parties petitioned the trial court for modification of the timesharing plan because the original plan adopted in the parties’ marital settlement agreement created a rotating four-week schedule that proved to be unworkable, unstable, and contrary to the children’s best interests.
After a four day trial, in which the trial court heard substantial testimony from all interested parties, the trial court ordered modification that provided the parties with nearly equal timesharing and provided more stability for the children. The modification resulted in a three day per month increase, on average, for the father. The order did not specifically make findings of fact to address whether or not the modification was supported by a substantial change in circumstances or was in the best interest of the children, as is typically required under Wade v. Hirschman, 903 So.2d 928 (Fla.2005). The mother filed a motion for rehearing based on several alleged points of error, which the trial court denied. Notably missing from the mother’s motion for rehearing is any objection to the trial court’s failure to make the required findings under Wade.
We review a trial court’s modification of timesharing for an abuse of discretion, and we must affirm if the trial court’s order is supported by competent substantial evidence. McKinnon v. Staats, 899 So.2d 357, 359 (Fla. 1st DCA 2005). Although we agree the trial court should have made specific factual findings on the two required prongs under Wade, the mother has waived this argument by failing to bring it to the trial court’s attention in her motion for rehearing. Hentze v. Denys, 88 So.3d 307, 310-11 (Fla. 1st DCA 2012); Pensacola Beach Pier, Inc. v. King, 66 So.3d 321, 324 (Fla. 1st DCA 2011). We have also performed our independent review of the record and, despite the form of the judgment, it is clear the trial court considered the evidence presented, and the evidence was competent and substantial that there has been a substantial change in circumstances and that the modification is in the best interests of the parties’ three children.
*745 As a final point, we caution the parents in this matter that a continuation of the conduct previously exhibited in this case, which includes the making of false allegations and the alienation of the .children against the other parent, may result in further modification of the timesharing order. If the parties truly care about the welfare and mental health of their children, and wish to enjoy the benefits of parenting their children, they must discontinue such destructive behavior.
Affirmed.