DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTOPHER PERSEO,**
Appellant,

v.

**ERIN DONOFRIO,**
Appellee.

No. 4D2022-2706

[February 7, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Davis, Judge; L.T. Case No. FMCE16002638.

Scott J. Brook of Scott J. Brook, P.A., Coral Springs, for appellant.

No brief filed for appellee.

ARTAU, J.

The father, Christopher Perseo, appeals from a final order granting the mother, Erin Donofrio, judgment on the pleadings in this parental timesharing modification proceeding. The father contends the trial court committed reversible error in determining that the parties' existing parenting plan required him to meet the substantial, material, and unanticipated change in circumstances burden generally applicable in timesharing modification proceedings. We reverse the judgment on the pleadings because the parenting plan's agreed terms expressly set forth a date certain after which timesharing with the minor child would be reevaluated and could be modified without the father needing to meet the change in circumstances burden otherwise applicable in timesharing modification proceedings.

The parties' parenting plan set forth a series of timesharing schedules under which the father would receive increased timesharing with the minor child over a period of three years. The last in the series of milestone dates set forth in the agreement provided:

> March 1, 2019: *The parties will revisit the timesharing schedule without prejudice. No Supplemental Petition for*

> *Modification needs to be filed by either party.* If the parties are unable to agree on a schedule at that time after attending formal mediation, the matter shall be submitted to the Court.

(Emphasis added).

The father petitioned for modification of the existing timesharing agreement following the parties' unsuccessful attempt to agree on a modified timesharing schedule pursuant to the terms of their existing parenting plan. The father claimed in his petition that the mother "has routinely thwarted [f]ather's efforts to exercise timesharing" and the parties' unequal timesharing was no longer in the minor child's best interests. In response, the mother argued that changing the parties' timesharing was not in the child's best interests because the father waited too long after the last milestone date specified in the existing parenting plan to seek the requested change in timesharing.

The trial court ultimately granted judgment on the pleadings in favor of the mother. In support of its ruling, the trial court explained that, even though "the parties' agreed to modify the parenting plan in March of 2019," the father did not meet the burden of a substantial, material, and unanticipated change in circumstances warranting modification of the parties' existing parenting plan.

The father argues on appeal, as he did on rehearing in the trial court, that the existing timesharing agreement, particularly the provision establishing the March 2019 milestone date, gave him the right to seek modification without proving the ordinarily required substantial, material, and unanticipated change in circumstances necessary to support modification. We agree.

In *Mooney v. Mooney*, 729 So. 2d 1015, 1016 (Fla. 1st DCA 1999), a mother appealed from an order granting a change in the minor child's primary custodial parent after the trial court determined that neither party "bore [the] higher burden of proof" generally required for a modification of custody. The First District affirmed the modification decision because the parties' custody agreement expressly indicated that "the minor child would spend one week with the [father] and one week with the [mother] 'until the summer before the minor child begins kindergarten,' when the arrangement would be readdressed." *Id.*

In *C.N. v. I.G.C.*, 316 So. 3d 287 (Fla. 2021), our supreme court acknowledged its recognition in *Wade v. Hirschman*, 903 So. 2d 928 (Fla. 2005), that the First District's *Mooney* decision stands for the proposition

2

that "'[t]he substantial change test applies *unless* the judgment otherwise provides for the standard that should be applied when one party seeks a modification.'" *C.N.,* 316 So. 3d at 292 n.5 (quoting *Wade,* 903 So. 2d at 932 n.9).

In *Idelson v. Carmer,* 330 So. 3d 81, 82-83 (Fla. 2d DCA 2021), the parties agreed in their mediated parenting plan, by handwritten notation, that the youngest child's inclusion in their timesharing arrangement could "be addressed by motion" any time after that child's third birthday. On appeal from the trial court's subsequent determination that the parties' youngest child should be included in the parenting plan, the Second District concluded that the trial court "correctly observed that it need not decide whether a substantial unanticipated change in circumstances had occurred" for the child to be included in the existing parenting plan. *Id.* at 82. In reaching this conclusion, the Second District noted that "the precipitating event" contemplated by the parties' existing parenting plan "occurred." *Id.* at 83.

Likewise, in *Greene v. Suhor,* 783 So. 2d 290, 290-91 (Fla. 5th DCA 2001), the Fifth District determined that a father "was not required to meet th[e] heavy burden of proof" normally applicable in timesharing modification proceedings because the parties provided in their agreed timesharing agreement that the minor child "would be with each parent on alternating months until [the child] started kindergarten[,]" at which time "residential custody would be with the mother."

Thus, the trial court erroneously concluded that the parties' existing parenting plan required him to meet the substantial, material, and unanticipated change in circumstances burden generally applicable in timesharing modification proceedings. We therefore reverse the judgment on the pleadings and remand for further proceedings consistent with this opinion.

*Reversed and remanded with instructions.*

KLINGENSMITH, C.J. and KUNTZ, J., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**