# Third District Court of Appeal

## State of Florida

Opinion filed October 31, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D18-1420 & 3D18-1457
Lower Tribunal No. 16-29168
_____

**Jade Nicole Ryan,**
Appellant/Petitioner,

vs.

**Thomas Ryan,**
Appellee/Respondent.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, George A. Sarduy, Judge.

On petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, George A. Sarduy, Judge.

Abramowitz and Associates and Evan L. Abramowitz, for appellant/petitioner.

Orshan, Spann & Fernandez-Mesa and Steven P. Spann and Robert D. Orshan, for appellee/ respondent.

Before SALTER, LOGUE and SCALES, JJ.

SALTER, J.

The former wife, Jade Nicole Ryan ("Former Wife"), seeks review of a post-judgment order in a dissolution of marriage case. The order suspended her unsupervised timesharing with her minor child and ordered her to pay for substance abuse evaluation and treatment. In Case No. 3D18-1420, Former Wife appeals the modification of her timesharing rights with her child, a non-final order with our limited jurisdiction as specified in Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii). In consolidated Case No. 3D18-1457, the Former Wife seeks a writ of certiorari to quash another portion of the same order, in which she was directed to submit herself to an alcohol and drug evaluation and a treatment program, to be fitted with a SCRAM[1] bracelet, and to pay for these measures at her own expense.

We affirm the non-final order and deny the petition for certiorari.

Case No. 3D18-1420: Timesharing

The parties' minor child is a four year-old girl. In addressing the Former Husband's third motion to restrict timesharing, the trial court properly considered prior (and recent) agreed orders regarding the temporary suspension of unsupervised timesharing, the Former Wife's prior concessions of drug and

---

[1] The acronym stands for "secure continuous remote alcohol monitor," a wearable device capable of detecting and electronically reporting alcohol use by the wearer.

alcohol abuse, and the restoration of unsupervised timesharing during times of compliance with conditions.

The trial court also heard new evidence (from a private investigator) regarding empty champagne bottles and prescription drug containers collected from the trash containers outside the Former Wife's residence, where she conducted her timesharing with the minor child. The guardian ad litem and the private investigator testified, but did not provide specific information regarding the best interests of the minor child. The guardian ad litem in fact recommended that the Former Wife be allowed to exercise unsupervised timesharing with the child so long as the Former Wife continues to wear the SCRAM bracelet.

The trial court's limitations on the Former Wife's visitation are reviewed for an abuse of discretion. Sordo v. Camblin, 130 So. 3d 743, 744 (Fla. 3d DCA 2014). The court has discretion to restrict or deny visitation to protect the welfare of the child. Hunter v. Hunter, 540 So. 2d 235, 238 (Fla. 3d DCA 1989).

In this case, there was little testimony regarding the best interests of the child, but the earlier findings regarding alcohol abuse, drug abuse, and violations of conditions in prior agreed orders were concerning to the trial court.[2] The trial

---

[2] As one example, the trial court referred to a 2017 determination that Former Wife "had purchased 7,800 canisters of nitrous oxide in a six (6) week period." As another, Former Wife previously agreed to the entry of a requirement for supervised visitation after allowing the child to play in the residential swimming pool while the Former Wife was impaired.

3

court found that these circumstances were "placing the minor child at risk if left alone with the Former Wife." Prior orders allowed supervised visitation by the Former Wife when her mother was present and so long as other conditions were fulfilled. The Former Husband's latest motion contended that several conditions had been violated and that a more formal limitation on supervised visitation was necessary (with a supervisor appointed by the court, rather than by the Former Wife's mother). The record contains competent substantial evidence supporting the trial court's decision to renew limitations on the Former Wife's exercise of timesharing until such time as her compliance with conditions and substance abuse evaluations support a restoration of unsupervised timesharing.

The Former Wife also argues that the order under review should be reversed because it does not specify the conditions that must now be met in order to lift the limitations on visitation, relying on cases such as Hunter v. Hunter, 540 So. 2d 235 (Fla. 3d DCA 1989). In this case, however, the order expressly directs the parties to schedule a case management conference within thirty days to address the Former Wife's compliance with the SCRAM bracelet, alcohol and drug testing, and treatment program requirements imposed by the order. The trial court stated that, at the conference, the court would "determine the Former Wife's time-sharing status with the minor child." We find no error in this procedure, as it provides a

clear path toward reconsideration of the timesharing limitations if enumerated conditions are met.[3]

We also find no error in those provisions of the order directing the Former Wife to pay the expenses of her alcohol and drug evaluation, all expenses of the SCRAM bracelet and monitoring, and the cost of in-patient or out-patient treatment as recommended by the Transitions Recovery Program. If unable to pay the expenses of the services required by the order, the Former Wife could be denied an opportunity to resume unsupervised timesharing. In the trial court, however, the Former Wife made no such assertion or demonstration of prospective inability to pay those expenses.

Two of our sibling district courts have determined that the costs of supervision should be treated as a child support expense and included in those calculations. Moore v. Yahr, 192 So. 3d 544 (Fla. 4th DCA 2016); Perez v. Fay, 160 So. 3d 459 (Fla. 2d DCA 2015). But the Former Wife has not pointed to any authority providing similar treatment for expenses of monitoring and treating substance abuse imposed as a result of a party's violation of prior agreed orders.

For these reasons, we affirm the order in Case No. 3D18-1420 relating to the modification of timesharing.

Case No. 3D18-1457: Evaluation

---

[3] In contrast, the order in Hunter was "uncertain as to when Mr. Hunter may petition the court to reestablish visitation." 540 So. 2d at 238.

5

In this second of the consolidated cases, the Former Wife contends that the portions of the same order requiring "the Former Wife to submit to a substance abuse evaluation, be fitted for a SCRAM bracelet, attend substance abuse treatment and be responsible for the costs associated with same" are a departure from the essential requirements of the law, resulting in material injury for the remainder of the case, such that the injury cannot be corrected in a post-judgment appeal. M.M. v. Florida Dep't of Children & Families, 189 So. 3d 134 (Fla. 2016).

For the reasons previously described, and on the record before us, we find that none of these elements necessary to a writ of certiorari has been demonstrated, and thus deny the petition.