# Third District Court of Appeal

## State of Florida

Opinion filed February 27, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1931
Lower Tribunal No. 18-18800
_____

**Jennifer Perez,**
Appellant,

vs.

**Paul Grant Dwyer,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Jennifer Perez, in proper person.

Filler Rodriguez, LLP, and Catherine M. Rodriguez, for appellee.

Before EMAS, C.J., and SCALES and HENDON, JJ.

PER CURIAM.

Jennifer Perez (the mother) appeals from an order suspending her timesharing with the parties' child. We review the trial court's order for an abuse of discretion. Ryan v. Ryan, 257 So. 3d 1168, 1169 (Fla. 3d DCA 2018) (noting: "The trial court's limitations on the Former Wife's visitation are reviewed for an abuse of discretion. The court has discretion to restrict or deny visitation to protect the welfare of the child") (citation omitted).

The record on appeal is insufficient to permit meaningful appellate review, as Perez has failed to provide this court with a transcript of the hearing conducted by the trial court. Under these circumstances, and given that there are no errors on the face of the order on appeal, we are compelled to affirm. As the Florida Supreme Court held in Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979):

> In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error. . . . When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal. The trial court should have been affirmed because the record brought forward by the appellant is inadequate to demonstrate reversible error.

See also Bisnauth v. Leelum, 233 So. 3d 1275 (Fla. 3d DCA 2017); Rodriguez v. Lorenzo, 215 So. 3d 631 (Fla. 3d DCA 2017); Hill v. Calderin, 47 So. 3d 852, 854 (Fla. 3d DCA 2010).

Affirmed.