# Third District Court of Appeal

## State of Florida

Opinion filed March 5, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1516
Lower Tribunal No. 21-20268-FC-04
_____

**Saul Mishkin,**
Appellant,

vs.

**Leslie Mishkin,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Veronica Diaz, Judge.

Rafool, PLLC, and Raymond J. Rafool, Patricia Montes De Oca, and Seth J. Rutman, for appellant.

Nancy A. Hass, P.A., and Nancy A. Hass (Hollywood), for appellee.

Before EMAS, MILLER and LOBREE, JJ.

PER CURIAM.

Affirmed. <u>Perez v. Dwyer</u>, 271 So. 3d 1116, 1116 (Fla. 3d DCA 2019) (trial court's order suspending timesharing is reviewed on appeal for an abuse of discretion); <u>Gielchinsky v. Gielchinsky</u>, 662 So. 2d 732, 733 (Fla. 4th DCA 1995) (recognizing that the trial court is authorized to temporarily suspend timesharing "where there is a true emergency."); <u>Saenz v. Sanchez</u>, 373 So. 3d 1211, 1213 n.1 (Fla. 3d DCA 2023) (recognizing trial court's discretion to modify parenting plan in an emergency situation "such as child endangerment, threat of harm, or imminent removal from the court's jurisdiction"); <u>Braswell v. Braswell</u>, 935 So. 2d 604, 606 (Fla. 3d DCA 2006) ("Courts have recognized that an emergency authorizes a court to act on a temporary basis and modify an existing custody judgment."); <u>Hunter v. Hunter</u>, 540 So. 2d 235, 238 (Fla. 3d DCA 1989) (noting that the trial court has the "discretion to restrict or deny visitation when necessary to protect the welfare of the children"); <u>Scheer v. Scheer</u>, 132 So. 2d 456, 458 (Fla. 3d DCA 1961) ("*We do not wish to be understood as holding that in the event of an emergency the court cannot make such orders for temporary care, custody and for visitation as seem to be indicated,* but we hold that when a parent or other person has by final decree been granted legal custody or visitation rights relating to the custody of children, the final decree should not be amended to take away such rights or any substantial change made

therein except upon the usual and ordinary procedure of pleading including an allegation or statement of the basis of the claim for the change by the party seeking it and an opportunity to directly answer the same and raise issue thereon so that the parties may know that their evidence is being directed to or with reference to that issue, and in order that a record may be made for the benefit of a reviewing court if review should be sought.") (emphasis added); see also Ryan v. Ryan, 257 So. 3d 1168, 1170 (Fla. 3d DCA 2018) (affirming trial court's post-judgment order temporarily suspending timesharing on an emergency basis, even though the emergency relief was sought by motion (rather than petition), finding there was "no error in this procedure, as it provides a clear path toward reconsideration of the timesharing limitations if enumerated conditions are met.").